IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:2CR329 |
| vs. | |
| RONNIE E. LAWRENCE, | ORDER |
| Defendant. | |
| And | |
| LYMAN-RICHEY CORP., | |
| Garnishee | |

This matter is before the Court on Defendant Ronnie Lawrence's Motion to Modify Garnishment ([Filing No. 331](#)) and the Government's Motion for Order of Continuing Garnishment ([Filing No. 333](#)). For the reasons explained below, Defendant's motion will be denied, and the Government's motion will be granted.

### BACKGROUND

On January 14, 2004, the Court sentenced Defendant to 37 months imprisonment and three years' supervised release. ([Filing No. 258](#)). The Court imposed a $200 special assessment and ordered restitution in the amount of $212,634. The Court set a minimum payment of $50 or 3% of Defendant's gross monthly income, whichever was greater. Defendant was released from prison in November, 2006. On January 22, 2008, Defendant entered into a payment agreement, but he defaulted on the payment plan on November 3, 2008.

On March 20, 2009, the Government filed an Application for a Continuing Garnishment. (Filing No. 305). On April 23, 2009, the Government released the garnishment because a pre-existing garnishment was already garnishing the full 25% statutorily allowed maximum of Defendant's wages. (Filing No. 312).

Since 2009, the Government has made multiple attempts to enforce the criminal restitution. The Government has sent Defendant overdue payment letters, demand letters, and financial forms, which Defendant has failed to complete. Defendant's last voluntary payment of $10 was made on March 14, 2008. Defendant has paid a total of $241.69 toward his monetary penalties. After paying the special assessment, only $66.69 has been applied to his criminal restitution. As of June 27, 2023, Defendant's restitution balance is $190,967.04.

On June 8, 2023, the Government filed the instant Application for Writ of Continuing Garnishment (Filing No. 323) requesting that the Court order the Clerk to issue a Writ of Continuing Garnishment upon the Garnishee to garnish Defendant's wages. On June 9, 2023, the Court entered an Order granting the Application for Writ of Continuing Garnishment. (Filing No. 326). On June 14, 2023, the Government sent Defendant a copy of the Order to Issue Writ of Garnishment, Writ of Garnishment, Clerk's Notice of Post-Judgment Garnishment, and Notice of Garnishment and Instructions. (Filing No. 330). The Government also sent Garnishee a copy of the Instructions to Garnishee, Answer of the Garnishee, Writ of Garnishment, Clerk's Notice of Post-Judgment Garnishment with Exemptions, and Notice of Garnishment and Instructions. (Filing No. 330).

On June 26, 2023, Defendant filed a Claim for Exemption with the Court. (Filing No. 331.) Defendant placed an "X" next to each of the following exemption categories: (a) Wearing apparel and school books; (b) Fuel, provisions, furniture, and personal effects; (c) Books and tools of a trade, business, or profession; (d) Judgments in support of minor children; and (e) Minimum exemptions for wages, salary, and other income. Defendant also argued that a wage garnishment would create a "financial hardship" and placed an "X" next to the request for a hearing.

On June 26, 2023, the Garnishee filed an Answer stating that at the time of the service of the Writ, the Garnishee employed Defendant and paid Defendant net weekly wages of $1,135.29. ([Filing No. 332](#).) The Garnishee also stated that a pre-existing garnishment for child support existed for which the Garnishee was withholding $34.27 per weekly pay period. The Garnishee indicated, however, that the amounts it anticipates owing to Defendant in the future "varies." ([Filing No. 332](#).)

**DISCUSSION**

Upon entry of a criminal judgment that includes a restitution order, a federal tax-type lien arises against a defendant's property and property rights. *See* [18 U.S.C. § 3613(c)](#). The Mandatory Victim Restitution Act ("MVRA") provides that criminal restitution orders may be enforced against "all property or rights to property." [18 U.S.C. § 3613(a)](#). The government may use any federal or state procedure to enforce a criminal restitution judgment for a period of 20 years after a defendant's release from prison. *See* [18 U.S.C. §§ 3613(a), (b), and (f)](#); [18 U.S.C. §§ 3664(m)(1)(A)(i) and (ii)](#); [28 U.S.C. § 3003(b)(2)](#).

Section 3613(a)(1) of Title 18 of the U.S. Code provides that "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law." Exempt property includes "fuel, provisions, furniture, and personal effects," as well as "books and tools of a trade, business, or profession." [26 U.S.C. § 6334(a)](#). Property is not exempt if it is not listed as exempt under § 6334(a) or any other federal law. [26 U.S.C. § 6334(c)](#).

Having considered the circumstances here, the Court will grant the Government's Motion for Order of Continuing Garnishment. Defendant's restitution judgment may be satisfied by wages due or owing to him from the Garnishee. This property is not exempt from garnishment. *See* [18 U.S.C. §§ 3613(a)-(f)](#); [18 U.S.C. 3664(m)(1)(A)(i)-(ii)](#). Although Defendant has a pre-existing garnishment requiring the Garnishee to withhold $34.27 per pay period, the pre-existing garnishment is less than 25% of Defendant's net wages. The Government is only requesting to garnish the difference between the 25% statutory cap and the amounts subject to the earlier garnishment. The Government's requested garnishment order will not exceed 25% of

Defendant's net earnings. The Court notes that a continuing garnishment is particularly appropriate here because Defendant has failed to make restitution payments for years, despite requests by the Government to do so or to provide financial statements.[1] Although Defendant maintains a garnishment will create a financial hardship, this is not a basis to deny garnishment. See United States v. Edward D. Jones & Co., No. 4:10cr57.6, 2011 WL 7025905 (E.D. Tex. Dec. 21, 2011).

Defendant has requested that the Court hold a hearing regarding this matter. The Federal Debt Collection Procedures Act ("FDCPA") provides that within 20 days of service, judgment debtors or interested parties may request a hearing to determine (1) the probable validity of any claim for exemption; (2) the compliance with the statutory requirement for the issuance of the writ; or (3) certain issues that pertain to the enforcement of default judgments. 28 U.S.C. § 3202(d). Defendant claims a hearing is appropriate because the garnishment could cause him to suffer a financial hardship. However, the matters a court may consider at such hearings are limited and do not include a defendant's ability to afford restitution obligations. See United States v. Hanhardt, 353 F.Supp.2d 957, 960–61 (N.D. Ill. 2004) (concluding that "the law does not allow the court to make a determination as to whether the financial circumstances of [the defendant's] wife take priority over his legal obligation to pay restitution"); United States v. Dilorenzo, No. 3:05-cr-33, 2012 WL 5842747 (D. Conn. 2012) (noting that a hearing was not necessary based on the defendant's claim of financial hardship). Defendant has not claimed a statutory violation, nor does this Court see that anything was done improperly. Further, as stated above, Defendant's exemption claims are inapplicable to garnishment of his wages. Therefore, Defendant's request for a hearing will be denied.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Modify Garnishment (Filing No. 331) is denied.
2. Defendant's request for a hearing is denied.
3. The Government's Motion for Order of Continuing Garnishment (Filing No. 333) is granted.

---

[1] Despite this garnishment, the period of enforcement will likely end with a restitution balance remaining.

4

4. Defendant's objections to the continuing writ of garnishment and claims of exemptions are overruled.
5. The Garnishee shall pay from Defendant's earnings up to 25% of Defendant's monthly non-exempt net disposable earnings (reduced by amounts paid pursuant to a pre-existing garnishment) as set forth in the Writ of Continuing Garnishment.
6. The Garnishee shall send payments to the United States Clerk of District Court, 111 S. 18th Plaza, Suite 1152, Omaha, Nebraska, 68102. The funds shall be made payable to the "Clerk of the District Court."
7. The Clerk of Court shall apply the garnished funds to Defendant's restitution judgment balance.

Dated this 30th day of June, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge